IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY BUMBARGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 15-944 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| CREDIT ONE FINANCIAL ) | |
| *d/b/a* CREDIT ONE BANK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, Defendants' Motion to Dismiss and Compel Arbitration ("Motion to Dismiss") (Doc. 3) will be denied.

### BACKGROUND[1]

Amy Bumbarger ("Plaintiff") has a cellular telephone and incurs a charge for incoming calls. (Complaint (Doc. 1; "Compl.") at ¶¶ 10, 13). She never granted Credit One Financial ("Defendant") permission to call her cellular telephone. From February of 2015 through May of 2015, Defendant repeatedly utilized an automatic telephone dialing system or automatic pre-recorded messages to call Plaintiff's cell phone. (Id. at ¶¶ 15-16). These calls were not made for emergency purposes. (Id. at ¶ 17). In or around February of 2015, Plaintiff directed Defendant to cease calls to her cell phone, which Plaintiff alleges Defendant heard. (Id. at ¶¶ 19-20).

---

[1] The following background facts are taken from Plaintiff's Complaint (Doc. 1). Because the case is presently before this Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In addition, the Court views all well pled factual averments and reasonable inferences in the light most favorable to the non-moving party. Id.

1

Despite Plaintiff's statement of nonconsent to the phone calls, Defendant continued to call Plaintiff's cell phone. (Id. at ¶ 21).

Plaintiff brings this single-count action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. (Id. at ¶¶ 23-30). Defendant moves the Court to dismiss this action and compel arbitration pursuant to the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. (Def.'s Mot. (Doc. 3)).

**ANALYSIS**

Before compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009). When determining whether a valid agreement to arbitrate exists, a court looks to the "ordinary state-law principles that govern the formation of contracts." Id. (internal citations omitted).

Defendant contends that the alleged calls were made in connection with Plaintiff's Credit One credit card, which she opened on or about July 31, 2014. (Def.'s Br. (Doc. 4) at 2-3). Defendant argues that Plaintiff "agreed to binding arbitration on any and all disputes arising out of her Credit One credit card account" pursuant to the terms of the applicable cardholder agreement. (Id. at 2). In support of its motion, Defendant has submitted an affidavit of Vicki Scott, a records custodian for Defendant (Doc. 4, Ex. A); a copy of the "Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement" ("cardholder agreement") allegedly mailed to Plaintiff along with her credit card (Doc. 4, Ex. A-2); and fifteen

monthly billing statements[2] reflecting an account in Plaintiff's name, and charges to that account (Doc. 4, Ex. A-3). Plaintiff disputes that Defendant has established that she agreed to the terms and conditions governing use of a Credit One credit card.

The Court of Appeals for the Third Circuit has clarified which standard trial courts should use when considering motions to compel arbitration. Guidotti v. Legal Helpers Debt Resolution, L.L.C.,716 F.3d 764 (3d Cir. 2013). The court held that:

> when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question.

Id. at 774 (internal citations omitted). The court further explained that when a "restricted inquiry into factual issues [is] necessary" Rule 56's summary judgment standard applies, to ensure that "arbitration is awarded only if there is an express, unequivocal agreement to that effect." Id. at 774-75.

Here, the Complaint contains no mention of Plaintiff's possession, use, or agreement to use a Credit One credit card. (Doc. 1). It neither indicates that that Plaintiff agreed to be bound by the cardholder agreement, nor does it establish a potential basis for finding the existence of any contractual agreement between Plaintiff and Defendant. (Id.). It is a bare bones complaint, referring only to the alleged telephone calls made by Defendant, to Plaintiff. As such, the existence of a valid arbitration agreement is not clearly established on the face of the Complaint,

---

[2] The date ranges on at least three billing statements are difficult to read. (Doc. 4, Ex. A-3 at 11-12, 15). However, it appears that the billing statements cover a continuous period from 8/5/14 to 9/10/15.

3

and no documents are relied upon in the Complaint. Guidotti, 716 F.3d at 774. Therefore, "'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" Id. (quoting Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F.Supp.2d 474, 479 (E.D. Pa. 2011)).

Pursuant to Guidotti, the Court will deny Defendants' Motion to Compel Arbitration, without prejudice, and will establish a structured discovery schedule that provides for an initial period of limited fact discovery on the existence and validity of the alleged arbitration agreement. Upon such discovery, the Court will entertain a renewed motion to compel arbitration, if applicable, and will evaluate the motion under a summary judgment standard.

## II. ORDER

Consistent with the foregoing, Defendants' Motion to Dismiss and Compel Arbitration (Doc. 3) is DENIED without prejudice. Case Management Order to follow.

IT IS SO ORDERED.

June 2, 2016                                    s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge


cc (via ECF email notification):

All Counsel of Record

4